**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**LEROY BORN,**

**Plaintiff,**

**V**

**THE HOME DEPOT U.S.A., INC.**

**Defendant.**

---

## COMPLAINT & JURY DEMAND

---

Plaintiff, Leroy Born, by and through his attorney Ross Ziev of the Law Offices of Ross Ziev. P.C., for claims against the Defendant, alleges as follows:

## PARTIES

1.  Plaintiff, Leroy Born, is an individual and was, during all relevant time periods, a resident of Yakima, Washington.

2.  Defendant, Home Depot U.S.A., Inc., is and was during all relevant time periods, a Georgia Corporation, with its principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter and the parties in this case pursuant to 28 U.S.C. § 1332(a), diversity of citizenship of parties.

4.  The amount in controversy exceeds $75,000, exclusive of interest and cost.

5.  Venue is proper in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the relevant events or omissions giving rise to the claims in this case occurred in this judicial district.

## GENERAL ALLEGATIONS

6.  On March 6, 2017, Plaintiff was driving a 2017 Peterbilt Dodge model 579 that was delivering sliding glass doors to the Home Depot located at 10858 Jake Jabs Boulevard, Firestone, CO 80504.

7.  There were five sliding glass doors on a three foot by twelve foot (3'x12') pallet within the truck.

8.  To remove the doors from the truck, the pallet is lifted by a forklift on one side.

9.  Plaintiff was instructed to get down from his truck and steady the pallet from behind as it was slowly taken off by the forklift operator.

10. The forklift driver is to pick up his end with the fort lift approximately six to eight inches off the ground and slide the pallet off.

11. The Home Depot forklift driver, known only to Plaintiff as Mark (hereinafter "Mark") took the pallet, pulled it from the truck and lifted it shoulder height.

12. Mark swung the pallet around, where it fell on top of Plaintiff who was trying to guide it.

13. The glass came down on Plaintiff.

14. Mark immediately apologized and said he had "never done that" and that he was at fault.

15. On March 6, 2017, Plaintiff depended on the expertise and experience of Mark to unload the pallets with skill, safety and professionalism.

16. The unloading of the pallets presented a special or peculiar danger to others inherent in the nature of the activity or the particular circumstances under which the activity was to be performed.

17. The danger of unloading the pallets was different in kind from the ordinary risks that commonly confront persons in the community.

18. Defendant knew or should have known that the special danger was inherent in the nature of unloading the pallets and in particular circumstances under which the unloading of the pallets was to be performed.

19. Defendant is vicariously liable for the negligence of Mark in connection with the special danger and peculiar risk of harm involved with the unloading of the pallets.


**FIRST CLAIM FOR RELIEF**
**Negligence *Per Se* involving a Motor Vehicle**

20. Plaintiff incorporates herein all allegations set forth above.

21. On March 6, 2017, Occupational Safety and Health Administration ("OSHA") had regulations for forklift operators identified here: https://www.osha.gov/SLTC/trucking_industry/loading_unloading.html.

22. The U.S. Department of Transportation ("U.S. DOT"), Federal Motor Carrier Safety Administration ("FMCSA"), and the Code of Federal Regulations ("CFR"), also had rules, requirements, codes, laws, procedures, guidelines, and directives with respect to loading and unloading cargo.

23. Upon info and belief, Defendant violated those rules, requirements, codes, laws, procedures, guidelines, and directives from OSHA, the U.S. DOT, FMSCA, and CFR on or about March 6, 2017.

24. As a direct and proximate result of the violation of the OSHA, U.S. DOT, FMSCA, and CFR rules, requirements, codes, laws, procedures, guidelines and directives, Plaintiff sustained injuries and damages.

25. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff has incurred damages, including but not limited to, loss of earning capacity, past and future medical expenses, permanent impairment to his body, past and future pain and suffering, emotional distress, anxiety, scarring/disfigurement, all of which are continuing in nature, resulting in damage to him in an undetermined sum at this time.

## SECOND CLAIM FOR RELIEF
### Negligence involving a Motor Vehicle

26. Plaintiff incorporates herein all allegations set forth above.

27. Plaintiff relied upon Mark's expertise in unloading the pallets.

28. Mark had a duty to warn Plaintiff of the safest options of unloading the pallets.

29. Mark had a duty to warn Plaintiff that he did not lift the pallet off the ground.

30. Mark had a duty to warn Plaintiff that he was swinging the pallet instead.

31. Mark had a duty to act reasonably under the circumstances.

32. Mark breached these duties to Plaintiff when he erratically swung the forklift and injured the Plaintiff without warning.

33. Under Colorado caselaw, this case involves a motor vehicle.

34. As a direct and proximate result of Mark's breach of his duties to Plaintiff, Plaintiff has incurred damages, including but not limited to, loss of earning capacity, past and future medical expenses, permanent impairment to his body, past and future pain and

suffering, emotional distress, anxiety, scarring/disfigurement, all of which are continuing in nature, resulting in damage to him in an undetermined sum at this time.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant for general and special damages in an amount which will fully and fairly compensate him for injuries and damages, both past and future.  Plaintiff further prays that the Court award him prejudgment and post judgment interest as permitted by law, cost of this suit, fees as recoverable by law, and for such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.


Respectfully submitted this 27th day of February, 2020.

THE LAW OFFICES OF ROSS ZIEV, P.C.


By:   */s/ Ross Ziev*
      Ross Ziev, #43181
      6795 East Tennessee Avenue, Ste. 210
      Denver, CO  80224
      Phone:  (303) 351-2567
      Fax:  (720) 669-6992
      ross@helpincolorado.com

      Attorney for Plaintiff